IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**       ) | |
|                                              ) | |
|                  **Plaintiff,**            ) | |
| **v.**                                             ) | **Case No. 08-20073-01-CM** |
| **WILLIAM A. MORRIS,**              ) | |
|                  **Defendant.**          ) | |

### **MEMORANDUM AND ORDER**

This closed criminal case is before the court on two identical motions, both titled "Motion for Judicial Recommendation" (Docs. 120 and 121). Defendant filed these motions pro se, seeking a recommendation from the court that he be placed in a residential re-entry center ("RRC") for twelve months prior to his anticipated release from prison.

Defendant included with his motions information on his inmate education and various certificates he has earned while incarcerated. He also attached a copy of the RRC placement request that he submitted to the prison, which explains why defendant believes he is a good candidate for twelve months of RRC placement. In that request, he details why he is at risk of reoffending, and why he would benefit from additional reintegration time before release.

The court is authorized to make a recommendation after sentencing because the recommendation is just that: a recommendation. *See, e.g.*, *United States v. Baker*, No. 3:01CR94-01-MHT, 2013 WL 355867, at *1 (M.D. Ala. Jan. 29, 2013) (recognizing the court's authority to make a post-sentencing recommendation relating to confinement); *United States v. Palacios*, No. 05CR2203 IEG, 2007 WL 2410389, at *3 (S.D. Cal. July 14, 2007) (same). By making a post-sentencing recommendation, the court is not modifying or correcting defendant's sentence. *Cf.*

18 U.S.C. § 3582(c) (identifying acceptable reasons to modify a term of imprisonment). The court's recommendation on place of confinement is not part of the sentence imposed. *Fajri v. Leavenworth*, No. 04-3311-RDR, 2005 WL 2035047, at *1 (D. Kan. Aug. 23, 2005) (citing *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468–69 n.3 (10th Cir. 1992)). The Bureau of Prisons ("BOP") is responsible for deciding whether to place a prisoner in an RRC. *See* 18 U.S.C. § 3624(c)(a). But in making this decision, the BOP may consider any recommendations made by the court. 18 U.S.C. § 3621(b)(4)(B).

Unfortunately, the court does not believe that it has adequate information to make an informed recommendation on whether defendant should be placed in an RRC center for the maximum of twelve months prior to defendant's release. This is not to say that placement would be improper. Rather, the court believes that the BOP is in the better position to make the decision on defendant's placement—without input from the court.

To be clear, the court makes no recommendation at all about defendant's placement as he approaches anticipated release. The court simply does not have adequate information to make an informed recommendation.

**IT IS THEREFORE ORDERED** that defendant's Motion for Judicial Recommendation (Doc. 120) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Judicial Recommendation (Doc. 121) is denied as moot.

Dated this 27th day of August, 2015, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**